**John PENROD, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 90A02–9207–CR–343.**

Court of Appeals of Indiana,
Second District.

March 25, 1993.

Rehearing Denied May 7, 1993.

Transfer Denied June 23, 1993.

Max C. Ludy, Portland, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

John Penrod appeals the revocation of his probation. We affirm.

## ISSUES

1. Did the trial court err in admitting the results of the ADX Abbott tests performed on Penrod's urine sample?

2. Did the admission of the test results violate Penrod's due process rights?

## FACTS

In January, 1988, John Penrod pled guilty to burglary. As part of his sentence, Penrod was placed on probation. As conditions of his probation, Penrod was required to "[r]efrain from the use of drugs and alcohol" and "if requested, ... submit to a urinalysis test." Record at 53.

On October 28, 1991, Probation Officer Vicki Gerber, using an ADX Abbott machine, ran two tests on a urine sample taken from Penrod and found that it tested positive for marijuana. Subsequently, the State filed a petition to revoke Penrod's probation because of drug use. After a hearing, the court found that Penrod had violated the terms of his probation and revoked his probation.

Penrod appeals.

## DISCUSSION

### I.

Penrod argues the trial court erred in admitting the results of the urinalysis performed by Vicki Gerber. He claims the test results were inadmissible because the State failed to lay a "foundation showing the scientific reliability of this machine." Record at 183. The machine to which he refers is the ADX Abbott.

■ Our inquiry is whether the machine has become "sufficiently established to have gained general acceptance in the particular field in which it belongs."[1] *Frye v. United States* (1923), D.C.Cir., 293 F. 1013, 1014 (*quoted in Hopkins v. State* (1991), Ind., 579 N.E.2d 1297, 1301). Based upon the persuasive opinion in *Jones v. United States* (1988), D.C.App., 548 A.2d 35, and the judicial opinions from the multitude of other jurisdictions discussed in *Jones* which have considered the same question, and of which we take judicial notice, "we have no difficulty in ruling that the EMIT system has reached the level of general acceptance in the scientific community required by *Frye.*" *Id.* at 46. Neither do we have any difficulty in ruling that the ADX Abbott system has reached a similar level of acceptance because, according to Penrod, "there is no difference between [the] Abbott Laboratory machine and the EMIT Cobus or the Seva Corporation.... Those are basically the same technologies. Although the names may be a little different they are basically the same." Record at 180. Based upon this statement, the trial court

did not err in admitting the test results over Penrod's objection that an inadequate foundation had been laid for the scientific reliability of the ADX Abbott machine.

### II.

■ Penrod next argues the trial court violated his due process rights in admitting the test results because "these types of tests on a one shot basis are not reliable." Record at 176. As authority for this argument, Penrod relies upon the statement in *Wykoff v. Resig* (1985), N.D.Ind., 613 F.Supp. 1504, 1512, an action for damages under 42 U.S.C. § 1983, that a single EMIT test is not sufficient. The *Wykoff* court concluded that a prisoner would be afforded appropriate due process if all positive EMIT results were confirmed by a second EMIT test or its equivalent. Penrod was afforded this appropriate due process because a second test of his urine sample was performed on the ADX Abbott machine.

■ Penrod also argues his right to due process was violated because he was not provided with a duplicate copy of the "EMIT test results from the laboratory which conducted such test." Appellant's Brief at 20 (citing *Wykoff,* 613 F.Supp. at 1513). Penrod's right to due process is protected by the availability of discovery. Here the record reveals that Penrod failed to make any discovery request in general or of the test results in particular. In addition, he declined the offered opportunity to have his urine sample tested by another party. Therefore, Penrod failed to show

---

1. At trial, Penrod did not contest the existence of a theory generally accepted in the scientific community that forensic tests can produce reliable results as to the presence of a chemical compound in a given sample; neither did he object to Ms. Gerber's qualifications. Therefore, they are not issues on appeal. *See Dowler v. State* (1989), Ind., 547 N.E.2d 1069, 1071 ("[O]bjections at trial must be specific and any grounds not raised are not available on appeal[,] nor can a defendant add to or change his grounds for objection in the reviewing court."). Further, neither argument would have merit. The first argument would necessarily fail because of our holding that the ADX Abbott machine has gained general scientific acceptance. The second argument would fail because determining whether a witness is qualified is within

the sound discretion of the trial court, the ruling of which will not be disturbed absent an abuse of that discretion, and no precise quantum of knowledge is required if the witness shows a sufficient acquaintance with the subject. *Corbin v. State* (1990), Ind., 563 N.E.2d 86, 92–93; *Wissman v. State* (1989), Ind., 540 N.E.2d 1209, 1212–13. Ms. Gerber testified that she received 32 hours of training on the ADX Abbott from Abbott Laboratories, she had been operating the unit for over three years, had tested approximately 575 samples, and knew and used the appropriate protocols and procedures. Hence, the State made a prima facie showing of her expertise that was sufficient for the trial court, in its discretion, to accept her evidence as that of an expert.

any violation of his due process rights such that the trial court erred in admitting the test results.

Judgment affirmed.

SULLIVAN and FRIEDLANDER, JJ., concur.